IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF MISSISSIPPI, JACKSON DIVISION



WADIE D. CRAWFORD, AS
WRONGFUL DEATH BENEFICIARY
OF CLARENCE CRAWFORD                              PLAINTIFF

VS.                                               CAUSE NO. 3:07CV683TSL-JCS

G.V. (SONNY) MONTGOMERY VA
MEDICAL CENTER of JACKSON,
MISSISSIPPI, and JOHN and JANE
DOES 1-10                                         DEFENDANTS

## COMPLAINT

### (Jury Trial Demanded)

COMES NOW the Plaintiff, Wadie Crawford, in his representative capacity on behalf of all wrongful death beneficiaries of Clarence Crawford, by and through his counsel of record, and files this Complaint against the Defendants, G.V. (Sonny) Montgomery VA Medical Center and John and Jane Does 1-10, stating grounds as follows:

### I. Parties

1.  Plaintiff, Wadie Crawford, is an adult resident citizen of Broward County, Florida. His residence is 18405 Northwest Ninth Street, Pembroke Pines, Florida 33029. Wadie Crawford is the son of the late Clarence Crawford.

2.  Defendant, G.V. (Sonny) Montgomery VA Medical Center ("the VA Hospital"), is a nursing home with its principal place of business at 1500 East Woodrow Wilson Avenue,

Jackson, Hinds County, Mississippi 39216. It may be served with process by service upon its administrator, whose place of business is located at 1500 East Woodrow Wilson Avenue, Jackson, Hinds County, Mississippi 39216

3. John and Jane Does 1-10 are as of yet unidentified physicians, nurses, and medical providers, employed by or agents of the VA Hospital that rendered negligent treatment to Mr. Clarence Crawford.

## II. Venue

4. Venue is proper in this Court as this cause of action arose or occurred in the Southern District of Mississippi, Jackson Division.

## III. Facts

5. Mr. Clarence Crawford was first treated at Veterans Administration CAHCS in Tuskegee, Alabama (hereinafter referred to as "Tuskegee VA"), on March 20, 1996. At the time of his admission Clarence Crawford was 67 years old and was checked/treated for cardiomegaly, pulmonary emphysema, and chronic bronchitis. Clarence Crawford also requested a PSA exam at this same visit.

6. Clarence Crawford complained of bright red blood in his stool on a second visit to the Tuskegee VA in December 1996 at age 68.

7. Clarence Crawford continued to receive treatment at the Tuskegee VA for several years by many different doctors and nurses, receiving the last of said treatments in November of 2000. There were no records of Clarence Crawford having been treated for complaints of blood in his stool.

8. On January 4, 2002, Clarence Crawford was admitted to the Tuskegee VA and treated for dementia until March 5, 2002, during which time Clarence Crawford's previous medical records were never reviewed by doctors and nurses.

9. On March 6, 2002 Clarence Carter was transferred to the G.V. (Sonny) Montgomery VA Medical Center in Jackson, Mississippi as a dementia case with no prior VA medical history disclosed to doctors and nurses.

10. On both May 7, 2002 and May 13, 2002, rectal exams were deferred.

11. On June 1, 2002, Clarence Crawford was pronounced dead at 73 years of age.

12. The autopsy report indicates that the primary cause of death was cancer of the colon and a large malignant tumor in the intestine.

13. Clarence Crawford's life was unnecessarily cut short and his quality of life while on this earth was significantly diminished by the negligence of the doctors, nurses and staff at both the Tuskegee VA and the Jackson VA in their failure to properly examine, diagnose, and treat Clarence Crawford.

## IV. Causes of Action

### 1. Negligence/Malpractice

14. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 13.

15. Defendants, in their care and treatment of Clarence Crawford, were required to maintain their duty of due care in exercising a degree of reasonable skill, competence, and prudence while treating a patient. They also had a duty to follow the orders from the physicians and treating staff. The Defendants failed to exercise that degree of skill and care, and were negligent in at least the following respects:

3

a. they failed to render proper and timely care to Clarence Crawford in order to detect/treat colon cancer;

b. they failed to provide appropriate and competent medical care to Clarence Crawford;

c. they failed to monitor Clarence Crawford's recovery/worsening of his condition and failed to take the appropriate steps to insure his well-being;

d. they failed to properly staff, train, and supervise the physicians, nurses, and other medical providers charged with Clarence Crawford's care; and

g. they failed in other respects as will be shown through discovery.

16. The death of Clarence Crawford was proximately caused, and/or contributed to, by the aforesaid collective negligent acts and/or omissions of the Defendants.

## 2. Punitive Damages

17. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 16.

18. The allegations herein exhibit gross negligence and wanton and reckless disregard for the well-being of the late Clarence Crawford and are sufficient for the imposition of punitive damages against the Defendants.

## V. Damages

19. As a direct and proximate result of the action of the Defendants as aforesaid, the Plaintiff, on behalf of all wrongful death beneficiaries of Clarence Crawford is entitled to recover damages for:

a. the physical, mental, and emotional pain and suffering experienced by Clarence Crawford from the time of his first Tuskegee VA treatment in 1996 to his death at the Jackson VA;

b. the medical expenses incurred by Clarence Crawford as a result of the injuries sustained due to the negligent treatment he received while under the care of the Tuskegee VA and the Jackson VA.

c. the loss of enjoyment of life for Clarence Crawford due to the conditions sustained as a result of the negligence of the doctors, nurses, and treating staff at both the Tuskegee VA and Jackson VA;

d. the loss of guidance, companionship, and the like which was cut short due to the untimely death of Clarence Crawford which was a result of the said negligence of the doctors, nurses and treating staff at both the Tuskegee VA and Jackson

e. all other compensatory and punitive damages available to him as allowed by law.

20. The Plaintiff, as wrongful death beneficiary of Clarence Crawford, is entitled to all available compensatory damages, an appropriate award of punitive damages, and attorneys' fees, as well as all costs of court, and pre- and post-judgment interests.

WHEREFORE, the Plaintiff, Wadie D. Crawford, as wrongful death beneficiary of Clarence Crawford, brings this action and demand for judgment against the Defendants, G.V. (Sonny) Montgomery VA Medical Center, and John and Jane Does 1-10, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars

($75,000.00) to be determined by a jury, for punitive damages in an amount to be determined by a jury, along with all costs of this action, pre-judgment interest, and post-judgment interest.

This the 20th day of November, 2007.

Respectfully Submitted,

WADIE D. CRAWFORD, AS WRONGFUL DEATH BENEFICIARY FOR CLARENCE CRAWFORD

BY: _____
PHILIP C. HEARN, HIS ATTORNEY

PHILIP C. HEARN, ESQ. (MSB #9366)
HEARN & THOMAS, P.A.
735 North Congress Street
Jackson, Mississippi 39202
(601) 355-3535